**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Thomas Montgomery, et al., | No. CV-17-00201-TUC-RM |
| Plaintiffs, | **ORDER** |
| v. | |
| Union Pacific Railroad Company, | |
| Defendant. | |

Pending before the Court is Plaintiff Thomas Montgomery's Motion to Bifurcate. (Doc. 77.) The motion is fully briefed and suitable for determination without oral argument. (Docs. 92, 98.) For the following reasons, Plaintiff's request to bifurcate the trial into liability and damages phases will be granted.

**I.  Factual & Procedural History**

This lawsuit arises from Defendant Union Pacific Railroad Company's decision to rescind an offer of employment to Plaintiff. In October 2014, Defendant offered Plaintiff a position on its train crew, conditioned on Plaintiff satisfying certain medical requirements. During the medical-examination process, Plaintiff disclosed that he had suffered a brain aneurysm in January 2012. Determining that Plaintiff posed a risk of sudden incapacitation greater than 1% per year, Defendant rescinded the offer of employment.

Plaintiff alleges three claims against Defendant. In Count One, Plaintiff alleges that Defendant discriminated on the basis of disability by rescinding the offer of employment

due to Plaintiff's brain aneurysm, in violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12112(a). In Count Two, Plaintiff alleges that Defendant's 1% policy constitutes unlawful screening on the basis of disability, in violation of the ADA, 42 U.S.C. § 12112(a) and (b)(6). In Count Three, Plaintiff alleges that Defendant violated the Genetic Information Nondiscrimination Act ("GINA"), 42 U.S.C. § 2000ff-1(b), by requesting his family medical history.

On November 21, 2018, the Court denied Defendant's motion for summary judgment. (Doc. 70.) On December 21, 2018, the parties filed a Joint Proposed Pretrial Order. (Doc. 72.) The parties filed various pretrial motions on February 7, 2019, Plaintiff's Motion to Bifurcate among them. (Docs. 77, 80, 81, 82, 83, 84, 85.)

The Motion to Bifurcate concerns the following additional facts: Prior to applying for a job with Defendant, Plaintiff was a production manager at Gale Insulation for nearly 20 years. Plaintiff was terminated from that position for taking his work-issued vehicle home in violation of company policy. After Gale Insulation, Plaintiff worked for BNSF Railway Company ("BNSF") for approximately one year. During his employment with BNSF, Plaintiff was involved in a car derailment. As a result, Plaintiff participated in BNSF's alternative handling process, a non-disciplinary response to rule violations. The derailment incident did not appear on Plaintiff's employment record.

In his application for employment with BNSF, Plaintiff falsely stated that he was "laid off" from Gale Insulation. In his application for employment with Defendant, Plaintiff falsely stated that he left Gale Insulation due to "downsizing." Furthermore, in response to the question, "Have you ever been fired, asked to resign, forced to leave a position, or had your employment involuntarily terminated in the last two (2) years," Plaintiff answered "NO." Plaintiff also answered "NO" to the question: "Have you been disciplined for any work related safety violations in the past two years?"

Defendant's policy is to not accept candidates who have been disciplined for any work-related safety violations or who have been involuntarily terminated in the two years preceding the application for employment. Both Plaintiff's involuntarily termination and

safety incident would have independently disqualified Plaintiff from employment with Defendant, had he disclosed them. There is, however, no evidence that Defendant knew of Plaintiff's misrepresentations when deciding to revoke the offer of employment.

## II. Standard of Review

Rule 42(b) of the Federal Rules of Civil Procedure permits district courts to bifurcate trials "[f]or convenience, to avoid prejudice, or to expedite and economize." "It is clear that Rule 42(b) gives the courts the authority to separate trials into liability and damages phases." *Estate of Diaz v. City of Anaheim*, 840 F.3d 592, 601 (9th Cir. 2016) (alteration omitted) (quoting *De Anda v. City of Long Beach*, 7 F.3d 1418, 1421 (9th Cir. 1993)).

## III. Discussion

### A. Prejudice

Plaintiff asserts that separate trials on liability and damages are necessary to avoid unfair prejudice associated with Defendant's after-acquired evidence, i.e., evidence of employee wrongdoing that is discovered *after* the allegedly discriminatory employment decision. *See Rivera v. NIBCO, Inc.*, 364 F.3d 1057, 1070–71 (9th Cir. 2004). The after-acquired evidence in this case—i.e., Plaintiff's false statements that he had not been terminated and that he had no safety violations—is not relevant to Defendant's decision to rescind the offer of employment. *See McKennon v. Nashville Banner Publ'g Co.*, 513 U.S. 352, 360 (1995) ("The employer could not have been motivated by knowledge it did not have and it cannot now claim that the employee was fired for the nondiscriminatory reason.") However, if Defendant can prove that it would not have hired Plaintiff based on Plaintiff's termination and/or safety incident, then the jury may rely on that evidence to limit Plaintiff's remedy. *See id.* at 362.

Plaintiff contends that because after-acquired evidence is relevant to damages but not to liability, these issues must be separated, or else Defendant would prejudice the jury on the issue of liability by "painting" him "as a dishonest person scamming to get a job." Defendant responds that after-acquired evidence is relevant not only to damages *but also*

to liability and, therefore, bifurcation is unwarranted. The Court agrees with Plaintiff.

Further context is required to fully understand Defendant's argument. An ADA claim has three basic elements: (1) the plaintiff is disabled, (2) the plaintiff is "qualified" for the position, and (3) the employer discriminated against the plaintiff because of the disability. *Nunies v. HIE Holdings, Inc.*, 908 F.3d 428, 433 (9th Cir. 2018), *as amended*. The third element requires examination of the employer's *actual* motives for the allegedly discriminatory decision. *See Dark v. Curry County*, 451 F.3d 1078, 1084–85 (9th Cir. 2006). After-acquired evidence is clearly not relevant to this inquiry, since "[t]he employer could not have been motivated by knowledge it did not have" at the time of the adverse decision. *McKennon*, 513 U.S. at 360.

The second element, however, requires the plaintiff to affirmatively establish that he or she is qualified. *See Johnson v. Bd. of Trs. of Boundary Cty. Sch. Dist. No. 101*, 666 F.3d 561, 564 (9th Cir. 2011). This is a two-step inquiry: the plaintiff must show that he or she (1) "satisfies the requisite skill, experience, education, and other job-related requirements" and (2) "can perform the essential functions" of the position with or without reasonable accommodations. *Id.* at 565 (quoting 29 C.F.R. § 1630.2(m)). This inquiry is not tied to the employer's motivations; thus, some courts have found that after-acquired evidence (e.g., of false statements in an application) is admissible to undercut the plaintiff's attempt to establish that he or she is qualified. *See, e.g.*, *Anthony v. Trax Int'l Corp.*, No. CV-16-02602-PHX-ESW, 2018 WL 1811711, at *4 n.2 (D. Ariz. Apr. 17, 2018), *appeal docketed*, No. 18-15662 (9th Cir. Apr. 18, 2018) (citing out-of-circuit cases and finding that after-acquired evidence is relevant towards whether discrimination plaintiffs are "qualified").

Defendant argues that its after-acquired evidence, though irrelevant to its motives in rescinding the employment offer, is admissible towards whether Plaintiff is qualified. The Ninth Circuit adopted this approach in *Mantolete v. Bolger*, 767 F.2d 1416 (9th Cir. 1985). That decision, however, was issued prior to the Supreme Court's opinion in *McKennon*. In *McKennon*, the Supreme Court explained that neither the deterrence nor

compensation objectives of antidiscrimination legislation would be served "if after-acquired evidence of wrongdoing that would have resulted in termination operates, in every instance, to bar all relief for an earlier violation" of such legislation. 513 U.S. at 358. The Court reasoned that "[t]he employer could not have been motivated by knowledge it did not have," and that "proving that the same decision would have been justified . . . is not the same as proving that the same decision would have been made." *Id.* at 360 (citation omitted).

Following *McKennon*, the Ninth Circuit addressed the scope of after-acquired evidence once more, this time in an unpublished decision. *See Junot v. Maricopa County*, 67 F.3d 307 (9th Cir. 1995) (unpublished table decision). The discrimination plaintiff in *Junot* appealed the district court's ruling that after-acquired evidence, though irrelevant to the employer's motivations in terminating the plaintiff, was relevant to whether the plaintiff was "qualified." *Id.* at *1. The Ninth Circuit acknowledged that the district court's ruling and concordant jury instruction were correct under *Mantolete* but nevertheless found that reversal was required under *McKennon*. *Id.* at *1–2. Noting that the objectives of antidiscrimination legislation "would be thwarted if after-acquired evidence could be introduced at the liability phase," the court remanded for a new, bifurcated trial. *Id.* at *2; *see Burkhart v. Intuit, Inc.*, No. CV-07-675-TUC-CKJ, 2009 WL 528603, at *11–12 (D. Ariz. Mar. 2, 2009) (finding that after-acquired evidence that plaintiff was presumptively disqualified from employment could not be used on summary judgment to show plaintiff was not "qualified").

The Court finds that after-acquired evidence is not relevant to Defendant's liability. Although *Junot* is not precedential, it is persuasive authority that the correct course is to limit after-acquired evidence to the damages inquiry.

Having reached the foregoing conclusion, the Court agrees with Plaintiff that he would be irreparably prejudiced were Defendant to present after-acquired evidence before liability is determined. There is a significant risk that the jury could find that Plaintiff has established the elements of his ADA claims but, because Defendant would have terminated

Plaintiff for other reasons, that Plaintiff should not prevail.[1] Given that Defendant's after-acquired evidence strongly suggests that Plaintiff's tenure would have been short-lived had he been hired, a limiting instruction would not sufficiently alleviate this risk.

### B. Other Considerations

Plaintiff argues that bifurcation would serve the goal of judicial economy because, if the jury finds Defendant not liable, there will be no need to litigate the damages phase.[2] Defendant argues that it has the right during any phase to impeach Plaintiff with his prior untruthful statements. Furthermore, Defendant disputes that bifurcation would be economical, since it may create the need for double opening and closing statements. According to Defendant, the more economical approach would be to give a limiting instruction narrowing the after-acquired evidence to its proper scope.

The Court finds that it would be more convenient and economical to bifurcate the trial into liability and damages phases. There is little overlap between the evidence relevant to each issue, so bifurcation would not result in a waste of resources or in the duplication of effort. Furthermore, if the jury returns a defense verdict on liability, there would be no need for the damages phase.

Accordingly,

**IT IS ORDERED** that the Motion to Bifurcate (Doc. 77) is **granted**.

Dated this 23rd day of April, 2019.

_____
Honorable Rosemary Márquez
United States District Judge

---

[1] Stated differently, the risk is that the jury could deprive Plaintiff of the opportunity to vindicate his rights. In the scenario described above, the proper result would be to find Defendant liable and to award Plaintiff nominal damages. A jury prejudiced by after-acquired evidence may not see any meaningful difference between this result and a defense verdict.

[2] Plaintiff also argues that the Court must factor in other, similar lawsuits pending against Defendant, brought by individuals who share the same attorneys as Plaintiff. The Court disagrees that this is a proper consideration.